OPINION OF THE COURT
Martin Schneier, J.
Does the failure by a police officer to ascertain the identity of a witness who, at the scene of the crime, asserted the defendant’s nonparticipation in that crime, compel a dismissal of the indictment?
The defendant, in his omnibus motion, moves, inter alla, that the indictment against him be dismissed because the police did not record the identity of a possible exculpatory witness.
Police Officer John Ciuffo reported he observed the defendant on February 3, 1985 inside an automobile tampering with the ignition. After arresting the defendant for, inter alla, attempted grand larceny, the police officer heard a person who never identified himself state that the defendant had not participated in the crime. The People voluntarily disclosed this fact after the indictment was filed.
It is uncontrovertible that the existence of the unidentified witness constitutes exculpatory material which must be disclosed (Brady v Maryland, 373 US 83 [1963]), whether specifically requested or not (United States v Agurs, 427 US 97 [1976]). Fairness and justice dictate this policy. The prosecution should not seek a conviction by hiding the proof of a defendant’s innocence. No court, however, has compelled the People to act as an unpaid private investigator for the defense. It is, thus, *79 unreasonable to demand that the police hold, detain and interrogate a person simply because he may become a valuable witness for the defense. Even an exculpatory witness may wish not to “get involved”. While we may regret his lack of responsibility, we will not penalize the People for it.
People v Hunter (126 Misc 2d 13 [Sup Ct, NY County 1984]), the case relied upon by defendant, is inapposite here, since it deals with the failure of the People to disclose the existence of an exculpatory witness whose identity they knew.
While the delay by the prosecution here to divulge the existence of an unidentified witness until after the indictment should have been avoided (see, ABA Standards for Criminal Justice, Prosecution Function, standard 3-3.11 [2d ed]), to justify dismissing an indictment, the delay must have resulted in real prejudice to the defendant (People v Di Falco, 44 NY2d 482 [1978]). Even assuming, arguendo, that the defendant had been made aware of the existence of the unidentified witness prior to indictment, it is far from certain that the prosecution would have presented this fact to the Grand Jury. In any case, the defendant is certainly free to bring up the existence of the unidentified witness at trial.
Accordingly, the defendant’s motion for a dismissal of the indictment based on the failure of the police to ascertain and record the name of the exculpatory witness is denied.